IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA BENOIT,<br><br>    Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SERVICES, INC.<br>    and<br>ALLIED INTERSTATE, INC.<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and other state laws, which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Teresa Benoit is an adult individual residing at 3600 McGowan Blvd, Marion, IA 52302.

5. Defendant NCO Financial Services, Inc. ("NCO") is a business entity regularly doing business in the Eastern District of Pennsylvania with its principal office located at 507 Prudential Road, Horsham, PA 19044. The principal purpose of Defendant is the collection of

debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

6. Defendant Allied Interstate, Inc. ("Allied") is a business entity which regularly conducts business in the Eastern District of Pennsylvania, with its principal office located at 3000 Corporate Exchange Drive, Columbus, OH 43231. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendants were hired to collect a debt relating to an account originally owed to Sallie Mae ("debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. In August 2011, Allied made Plaintiff a settlement offer to satisfy the outstanding debt in full. Plaintiff accepted the agreement, which required a $2,200.00 payment to fully and completely satisfy the debt ("Settlement Agreement"). Plaintiff paid Allied $2,200.00 in August 2011, and Allied received this payment on August 26, 2011.

10. Notwithstanding the above, after satisfaction of the debt Allied did nothing to mark the debt as paid, or to ensure that the debt would not be resold to another debt collector or to ensure that the debt would not be sent to an additional debt collection servicer. As a result, NCO began engaging in abusive and harassing practices in an effort to collect the same debt from the Plaintiff.

11. Notwithstanding the above, on or about January 16, 2012, NCO contacted Plaintiff in an attempt to coerce payment of the same debt with the intent to annoy, abuse, and harass such persons contacted.  Plaintiff stated that she had settled her debt in full Allied.

12. Notwithstanding the above, throughout the month of January 2012, NCO continued to contact Plaintiff multiple times per week in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, even after being made aware that Plaintiff had settled said debt with Allied.

13. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the consumer about information other than the consumer's location;

14. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

15. Defendants acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16. Defendants acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

17. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt by breaking the terms of the Settlement Agreement.

18. Defendants acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

19. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f, as evidenced by the following conduct:

(a) Communicating with persons other than the consumer about information other than the consumer's location;

(b) Communicating with persons other than the consumer on more than one occasion;

(c) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d) Falsely representing the amount, character or legal status of the debt;

(e) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

28. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Defendants' conduct, including but not limited to contacting Plaintiff with the intent to annoy, abuse, and harass Plaintiff, and repeatedly contacting Plaintiff about a debt that had been satisfied and misrepresenting the status of the alleged debt constitutes an invasion of privacy.

32. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT III– FRAUD

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Defendants made false representations to Plaintiff as described above. The false representations were material to the transaction at hand and made by Defendants with full knowledge of its falsity and/or recklessness as to whether the representations were false.

35. Defendants intended to mislead Plaintiff into relying on these misrepresentations, and Plaintiff did in fact justifiably rely on Defendants' misrepresentations.

36. Plaintiff's injuries were proximately caused by reliance on Defendants' misrepresentations.

37. Defendants are thus liable to Plaintiff for all actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

*Attorneys for Plaintiff*

DATE: April 10, 2012